**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4539

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH ALVIN BILLIOTT, a/k/a Al Billiott,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-01-1152)

Submitted:  August 12, 2005          Decided:  August 24, 2005

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James T. McBratney, Jr., MCBRATNEY LAW FIRM, P.A., Florence, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Dean A. Eichelberger, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joseph Alvin Billiott appeals the twenty-six month sentence imposed after he pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 371, 1343 (2000). Because we find no error in the determination of Billiott's sentence, we affirm.

On appeal, Billiott asserts that his sentence violates the Supreme Court's holding in Blakely v. Washington, 542 U.S. 296 (2004). He specifically asserts that the enhancements to his offense level that were based upon more than minimal planning and his role in the offense violated the Sixth Amendment because facts supporting these enhancements were not found by a jury, or found by a beyond a reasonable doubt standard.

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court applied the rationale of Blakely to the federal sentencing guidelines and held that the mandatory guidelines scheme that provided for sentence enhancements based on facts found by the court violated the Sixth Amendment. Booker, 125 S. Ct. at 746-48, 755-56 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus making the guidelines advisory. Id. at 756-57 (Breyer, J., opinion of the Court).

- 2 -

Subsequently, in <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005), we held that a sentence that was imposed under the pre-<u>Booker</u> mandatory sentencing scheme and was enhanced based on facts found by the court, not by a jury (or, in a guilty plea case, admitted by the defendant), constitutes plain error. That error affects the defendant's substantial rights and warrants reversal under <u>Booker</u> when the record does not disclose what discretionary sentence the district court would have imposed under an advisory guideline scheme. <u>Hughes</u>, 401 F.3d at 546-56. Sentencing courts were directed to calculate the appropriate guideline range, consider that range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. If the district court imposes a sentence outside the guideline range, the court should state its reasons for doing so. <u>Id.</u> at 546.

In determining the sentencing range under the sentencing guidelines,[*] the probation officer enhanced the offense level by two levels pursuant to USSG § 2F1.1(b)(2) because the crime involved more than minimal planning or a scheme to defraud more than one victim, and by two levels pursuant to USSG § 3B1.1(c) because Billiott was an organizer, leader, manager, or supervisor in the criminal activity. After a three-level reduction for acceptance of responsibility, Billiott's total offense level was

---

[*]<u>U.S. Sentencing Guidelines Manual</u> (1997) ("USSG").

sixteen. This offense level and Billiott's criminal history category of I resulted in a sentencing range of twenty-one to twenty-seven months of imprisonment.

Because Billiott did not object to the presentence report, we review the district court's guideline calculation for plain error. United States v. Olano, 507 U.S. 725, 732 (1993); Hughes, 401 F.3d at 547. Under the plain error standard, Billiott must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Olano, 507 U.S. at 732-34. Even when these conditions are satisfied, we may exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted).

Our review of the record leads us to conclude that the enhancement for more than minimal planning or a scheme to defraud more than one victim was not imposed in violation of Billiott's Sixth Amendment rights. Although the facts supporting this enhancement were not charged in the indictment, Billiott admitted in the plea agreement that more than one victim suffered financial loss, thus demonstrating a scheme to defraud more than one victim. With regard to the enhancement for Billiott's role in the offense, we agree with Billiott that this enhancement is not supported by any facts alleged in the indictment or admitted by him during the plea hearing. We conclude, however, that no Sixth Amendment error

occurred in the imposition of this enhancement. If this enhancement is removed, Billiott's total offense level would be seventeen, and his sentencing range twenty-four to thirty months. Because the twenty-six-month sentence imposed does not exceed the guideline range calculated without the improper enhancement, Billiott's sentence does not violate the Sixth Amendment. United States v. Evans, __ F.3d __, 2005 WL 1705531 at *1 n.4 (4th Cir. July 22, 2005) ("For purposes of determining whether the district court erred, we necessarily use [the] guideline range based on the facts [appellant] admitted before adjusting that range for acceptance of responsibility.").

We therefore affirm Billiott's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED